# EXHIBIT 2

**HRSA**
Health Resources & Services Administration
**Office of Special Health Initiatives**
5600 Fishers Lane
Rockville, MD 20857

June 9, 2025

| | |
|---|---|
| <u>Petitioner Organization</u> | <u>Opposing Party Organization</u> |
| Point of Contact: Erica Graser | Point of Contact: Susan Cook |
| Erica.graser@atg.wa.gov | Susan.cook@hoganlovells.com |
| cc: jlcabe@uw.edu | cc:shannon.mcrudden@novartis.com |
| cc: sdgupta@uw.edu | cc:mitesh.ghia@novartis.com |

The Health Resources and Services Administration (HRSA), 340B Administrative Dispute Resolution (ADR) Panel has completed its review of ADR ID: 230925-17 in accordance with section 340B(d)(3) of the Public Health Service Act (PHSA) and the 340B Drug Pricing Program ADR final rule (89 Fed. Reg. 28,643 (April 19, 2024)).

On September 29, 2023, the Petitioners (University of Washington Medical Center (340B ID: DSH500008) and Harborview Medical Center (340B ID: DSH500064)) filed Petition ID: 20925-17 against Novartis Pharmaceuticals (Labeler Code: 00078), alleging a 340B violation of overcharge. Pursuant to the U.S. District Court and Court of Appeals rulings with respect to Novartis's policy and based on its review of all documentation provided by both parties, for the reason set forth below, this Panel has determined Novartis did not violate subsection (a)(1) of section 340B of the Public Health Service Act (PHSA).

The Petitioners seek relief from the 340B ADR Panel to (1) order that Novartis cease its policy restricting the Petitioner from purchasing covered outpatient drugs at or below 340B ceiling prices through contract pharmacies located more than 40 miles[1] from the covered entity locations; (2) award monetary damages to the Petitioner for losses sustained due to Novartis's contract pharmacy policy; (3) enjoin Novartis from imposing its own integrity program data-sharing requirements upon covered entities; and (4) order such other relief deemed just and reasonable by the 340B ADR Panel. The Petitioners assert Novartis's contract pharmacy policy is unlawful; and Novartis's data-sharing requirements are outside of the statutory audit process. The Petitioners state that HHS agency guidance extends the 340B Program to covered entities' contract pharmacy arrangements,[2,3] and HRSA's Civil Monetary Penalties regulation applies regardless of the distribution system.[4]

On October 31, 2024, Novartis submitted opposing arguments.  Novartis seeks to dismiss the petition for failure to state a valid claim for relief pursuant to 42 C.F.R. § 10.21(e).  In support,

---

[1] We note that effective May 3, 2023, Novartis amended its contract pharmacy policy to remove the 40-mile restriction, among other revisions.
[2] 61 Fed. Reg. 43549 (August 23, 1996).
[3] 72 Fed. Reg. 10272 (March 5, 2010).
[4] 82 Fed. Reg. 1210 (January 5, 2017).

the opposing party states that the U.S. Court of Appeals for the District of Columbia Circuit declared that section 340B does not categorically prohibit manufacturers from imposing conditions on the distribution of covered outpatient drugs to covered entities and held that the disputed conditions by which Novartis distributes its products do not violate Section 340B of the PHSA.[5]

The 340B ADR Panel is charged with the task to review and apply the 340B statute, applicable regulations, policies, and guidance documents to the case-specific factual circumstances at issue in an ADR claim. The 340B ADR Panel must also factor in any binding judicial decisions governing the subject matter of the claim.

The U.S. District Court for the District of Columbia concluded that "[t]he statute's plain language, purpose, and structure do not prohibit drug manufacturers from attaching any conditions to the sales of covered drugs through contract pharmacies."[6]  The U.S. Court of Appeals for the District of Columbia Circuit affirmed the decision issued by the U.S. District Court for the District of Columbia and declared that Novartis's contract pharmacy policy is valid under the 340B statute. The ADR Panel has reviewed the aforementioned judicial actions and arguments made by both parties and has made the determination that there is no overcharge violation in Petition ID: 20925-17, consistent with the U.S. District Court's and U.S. Court of Appeal's rulings with respect to Novartis's policy.

Either party may initiate a reconsideration request.  In the event of a reconsideration request, the 340B ADR Panel's decision is held in abeyance until such time the HRSA Administrator makes a reconsideration decision of the 340B ADR Panel decision (or in the event of a declination).  A reconsideration decision will affirm or supersede this 340B ADR Panel decision.  The request for a reconsideration of the340B ADR Panel's decision must be made to the HRSA Administrator no later than **July 23, 2025**.

To submit a reconsideration request, please email 340BADR@hrsa.gov with the following:
A copy of the 340B ADR Panel decision letter and documentation indicating why a reconsideration is warranted.  Please note that new facts, information, legal arguments, or policy arguments may not be submitted as part of the reconsideration process in order to remain consistent with the facts that were reviewed by the 340B ADR Panel in making its decision.  In the case of joint or consolidated claims, the reconsideration request must include an attestation confirming that all of the parties have agreed to be part of the reconsideration process.

---

[5] *Novartis Pharm. Corp. v. Johnson*, 102 F.4th 452 (D.C. Cir.. 2024).
[6] *Novartis Pharm. Corp. v. Espinosa,* No. 21-cv-1479 (D.D.C. Nov. 5, 2021).

If no reconsideration is requested by either party, the 340B ADR Panel's decision letter will be effective 30 business days from issuance of this letter and serve as the final agency decision.

Sincerely,

Kim Rogers
ADR Panel Member

Tracey Applebee-Cole
ADR Panel Member

Alisa Purify
ADR Panel Member